riod of one week within which to take his appeal. Both requests were refused, and the refusal communicated in an official letter dated July 12th. On July 16th, notice of an appeal was given to the commissioner, the fee of $25 was deposited with the treasurer of the office, and a petition of appeal presented to the court, who, in ignorance of the facts above recited, assigned July 30th for hearing the case by an official letter to the office dated July 17th. Upon the day assigned the commissioner filed with the court his written protest against entertaining the appeal upon the ground that the applicant had disregarded the limit of appeal fixed by the order of June 7th, and that thereby his right of appeal was gone. The applicant, on the contrary, argues that by entertaining his alternative application of July 9th, for rehearing or extension of time for appeal, the office abandoned the limit of appeal previously assigned.

Whatever force there might be in the suggestion that, by entertaining a motion to reconsider during the period limited for appeal by a preceding order, the office thereby suspended the operation of that order, because the party could not know, pending the application, whether the cause would be reheard and the preceding adverse decision annulled; in which case an appeal would become unnecessary, and that therefore he was in no condition to appeal until after the result of his petition was made known to him, no argument can be drawn from that state of case to sustain the idea that a like effect is wrought by a petition to reconsider filed after the limit of appeal has expired, for in the latter case the party has lost no right nor has he been lulled into security by any delusive hope held out by the office. He stands, then, in the attitude of one addressing himself to the mere grace and favour of the office outside the pale of strict right, and the refusal to extend to him this superadded grace and favour can furnish no pretext for the revival of a right once gone by his own naked default. It is unnecessary to consider in this whether the period limited for an appeal is to be computed from the date of the order or from the date of the notice, for in this case, even taking the latter date as the terminus a quo, and allowing him the still further indulgence of excluding the terminus a quo from the computation of the period of thirty days, still his appeal should have been taken on the 8th day of July, at the farthest.

I am therefore of opinion that no appeal has been taken by the applicant in this case, and that the protest of the office having been rightfully made, I am precluded from considering the case on its merits. It follows from this that the fee of $25 has been improvidently received by the financial clerk of the office, and as the judge is only entitled to compensation in the cases provided by law where an appeal has been taken, and

in no other case, he can receive no payment from the office for considering the matter submitted by the communication of the commissioner of patents, and therefore I think the fee of $25 aforesaid should be refunded to the applicant.

## Case No. 8,379.

### The LION.

[The case reported under above title in 1 Spr. 40, is the same as Case No. 2,786.]

LION, The (UNITED STATES v.). See Case No. 15,607.

## Case No. 8,380.

### LIPPETT v. HOPKINS et al.

[1 Gall. 454.] [1]

Circuit Court, D. Rhode Island. June Term, 1813.

REAL PROPERTY—EXECUTORY DEVISE—WILLS.

A devise to A. "and if he shall die, without an heir, before he shall arrive at the age of twenty-one years, that then all that is herein to him bequeathed, to be equally divided amongst his brothers and sisters, or their heirs;" A. takes a fee-simple with an executory devise over to his brothers and sisters.

[Cited in Lillibridge v. Adie, Case No. 8,350; Arnold v. Buffum, Id. 554; Abbott v. Essex Co., Id. 11.]

[Cited in Morris v. Potter, 10 R. I. 63.]

Ejectment for a tract of land lying in Scituate, in Rhode Island. The defendants [Timothy Hopkins and others], as to ninety acres, parcel of the premises described in the declaration, pleaded in bar the statute of limitations of Rhode Island, which provides, that twenty years' quiet possession shall "give and make a good and rightful title," &c. And as to the residue of the demanded premises, they disclaimed. They also pleaded the general issue "Not guilty," as to the whole. The plaintiff, in his replication, set out the proviso of the statute, allowing ten years to any remainder-man, &c., after the accruing of his right, and then recited at large the will of Moses Lippett, the material parts of which will be found in the opinion of the court. He then alleged, after averring the death of the testator, &c., that the premises devised (being the same demanded in this action) became vested in John Lippett, as tenant for life, and that the fee-simple vested in Moses Lippett, from whom it descended to him, and that on the death of said John, being more than twenty-one years of age, the remainder vested in him, the plaintiff. To this plea, after oyer of the last will and testament recited in the plaintiff's replication, the defendants demurred generally, and the plaintiff joined in demurrer.

STORY, Circuit Justice. This is an action of ejectment brought to recover a lot of land

[1] [Reported by John Gallison, Esq.]